**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD GROSS,**

                **Plaintiff,**

**-vs-**                                                      Case No. 6:07-cv-1667-Orl-31UAM

**JACK PARKER and ARMOR**
**CORRECTIONAL HEALTH SERVICES,**
**INC.,**

                **Defendants.**

_____

# ORDER

This matter comes before the Court on Defendant Armor Correctional Health Services, Inc.'s Motion to Dismiss Counts I, II, VI and VII of Plaintiff's Complaint (Doc. 9) and Plaintiff's Response thereto (Doc. 18).

**I. Background**

Plaintiff Richard Gross ("Gross") filed his Complaint (Doc. 1) on October 18, 2007, alleging the following facts:

Gross was a pretrial detainee at the Brevard County Detention Center ("BCDC" or "the Jail") from June 26, 2006 until August 12, 2006. During this time, Armor Correctional Health Services, Inc. ("Armor") was under contract with the Sheriff to provide medical services to the inmates at BCDC.

Prior to his incarceration, Gross informed Judge McKibbin that he suffered from bipolar disorder, for which he was prescribed Seroquel and Lexapro.[1] Judge McKibbin assured Gross that he would be able to receive these medications while incarcerated at BCDC. However, the staff at BCDC refused to accept Gross' medications from his mother and, despite multiple requests by Gross, refused to provide him with any medications.

Gross alleges that this resulted in increased anxiety and a sleepless night for him on the 26th. On June 27th, Judge Clark arraigned Gross via closed-circuit television and instructed BCDC personnel to provide Gross with his medications. Rather than provide him with medication, BCDC placed Gross in the plexiglass-walled mental health pod known as "the Bubble." As Gross continued to go without his medications he experienced increased mania and sleep deprivation.

Inmates housed in the Bubble are allowed only very restricted access to bathroom facilities, and as a result, many inmates urinate and defecate in the sleeping/living area of the Bubble. During his incarceration in the Bubble, it was cleaned only twice per week. The inmates housed in the Bubble are also denied soap and eating utensils, therefore, Gross was forced to eat with his unwashed hands. Gross was only permitted to shower and brush his teeth twice per week.

On June 29, 2006, Gross was given Doxepin, apparently as a substitute for one or both of his prescribed medications.[2]

---

[1] Seroquel "is used with or without other medications to treat certain mental/mood conditions (e.g., bipolar disorder, schizophrenia)" and Lexapro "is an antidepressant (selective serotonin reuptake inhibitor-SSRI) used to treat depression and anxiety." *See* http//:www.webmd.com (Search for "Seroquel" then follow "Uses"; search for "Lexapro" then follow "Uses") (Last visited Jan. 15, 2008).

[2] Doxepin "is used to treat mental/mood problems such as depression, anxiety and bipolar disorder." *See* http//:www.webmd.com (Search for "Doxepin" then follow "Doxepin Oral - Capsule" then follow "Uses") (Last visited Jan. 15, 2008).

In his Complaint, Gross alleges that Defendants denied him medical care and that this denial resulted in an exacerbation of the symptoms of his bipolar disorder, including severely raised levels of mania and anxiety.

**II. Standard of Review**

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a

recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III. Legal Analysis**

  *A. 42 U.S.C. § 1983: Counts I and VI*

  A claim for relief under 42 U.S. C. § 1983 ("§ 1983") requires that Plaintiff allege a "deprivation of an actual constitutional right." *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999). "It is well settled that the deliberate indifference to serious medical needs of prisoners" constitutes a violation of the 8th Amendment.[3] *Id.* (internal citations omitted). Therefore, to establish a claim under § 1983, a Plaintiff must allege (1) a serious medical need, (2) deliberate indifference to that need by Defendant, and (3) a causal connection between Defendant's deliberate indifference and Plaintiff's injuries. *See Hatten v. Prison Health Services, Inc.,* 2006 U.S. Dist. LEXIS 65143, *11 (M.D.Fla. Sept. 13, 2006). However, the doctrine of *respondeat superior* does not apply to claims arising under § 1983. *Engelleiter v. Brevard County Sheriff's Dept*., 290 F. Supp. 2d 1300, 1308 (M.D.Fla. 2003). Thus, in order to establish Armor's liability under § 1983 Gross must allege that

---

  [3]Because Gross was a pretrial detainee, his rights arise under the 14th Amendment, however, "the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous." *Hatten v. Prison Health Services, Inc.,* 2006 U.S. Dist. LEXIS 65143, *11 (M.D.Fla. Sept. 13, 2006) (internal citations omitted).

> (1) the constitutional deprivation was caused by a policy or custom of [Armor], or (2), the final policymakers of [Armor] acted with deliberate indifference to a constitutional deprivation, or (3) the final policymakers of [Armor] delegated their authority to a subordinate who, in turn, caused a constitutional deprivation, or (4) the final policymakers of [Armor] ratified a constitutionally impermissible decision or recommendation of a subordinate employee.

*Sherrod v. Palm Beach County School District,* 424 F. Supp. 2d 1341, 1344 (S.D.Fla. 2006).

Armor argues that Gross has failed to allege any custom or policy on its part that would result in liability under § 1983. Gross responds that he does not have to allege policy or custom because Armor is not a public entity. However, Gross' argument fails because, regardless of whether Armor is a public entity or a private corporation, the doctrine of *respondeat superior* does not apply to claims arising under § 1983. Therefore, Counts I and VI will be dismissed insofar as they are brought against Armor.

*B. Negligence: Counts II and VII*

Armor argues that Counts II and VII should be dismissed because they are claims for medical negligence and Gross has failed to comply with Florida's medical malpractice presuit requirements. *See* Fla. Stat. § 766.106(1)(a). Gross responds that these presuit requirements do not apply here because his claims are for "denial of access to medical care" they do not implicate the "use of professional judgment" and therefore are not medical malpractice claims. (Doc. 18 at 4, 5). This is a distinction without a difference. Plaintiff is correct that if he were suing a healthcare provider for a non-medical negligence (i.e., a slip and fall incident), the presuit requirements would not apply. Here, however, Plaintiff is attempting to assert a negligence claim based on Armor's duty to provide medical care to Gross. This is a medical malpractice claim, and therefore

Plaintiff is required to comply with the presuit requirements of Fla. Stat. § 766.106. Thus, Counts II and VII will be dismissed insofar as they are brought against Armor as well.

### IV. Conclusion

Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. 9) is **GRANTED**. Counts I, II, VI and VII are **DISMISSED** insofar as they are brought against Defendant Armor Correctional Health Services. Plaintiff shall have leave to file an amended complaint on or before February 5, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 15, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party