**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD GROSS,**

                **Plaintiff,**

**-vs-**                             **Case No.  6:07-cv-1667-Orl-31GJK**

**JACK PARKER and ARMOR**
**CORRECTIONAL HEALTH SERVICES,**
**INC.,**

                **Defendants.**

_____

## ORDER

This matter comes before the Court on Defendant Armor Correctional Health Services, Inc.'s Motion to Dismiss Counts I, II, VI, VII and XI of Plaintiff's Amended Complaint (Doc. 25) and Plaintiff's Response thereto (Doc. 28).

**I. Background**

Plaintiff Richard Gross ("Gross") filed his Amended Complaint (Doc. 20) on January 24, 2008, alleging the following facts:

Gross was a pretrial detainee at the Brevard County Detention Center ("BCDC" or "the Jail") from June 26, 2006 until August 12, 2006. During this time, Armor Correctional Health Services, Inc. ("Armor") was under contract with the Sheriff to provide medical services to the inmates at BCDC.

Prior to his incarceration, Gross informed Judge McKibbin that he suffered from bipolar disorder, for which he was prescribed Seroquel and Lexapro.[1] Judge McKibbin assured Gross that he would be able to receive these medications while incarcerated at BCDC. However, the staff at BCDC refused to accept Gross' medications from his mother and, despite multiple requests by Gross, refused to provide him with any medications.

Gross alleges that this resulted in increased anxiety and a sleepless night for him on the 26th. On June 27th, Judge Clark arraigned Gross via closed-circuit television and instructed BCDC personnel to provide Gross with his medications. Rather than provide him with medication, BCDC placed Gross in the plexiglass-walled mental health pod known as "the Bubble." As Gross continued to go without his medications he experienced increased mania and sleep deprivation.

Inmates housed in the Bubble are allowed only very restricted access to bathroom facilities, and as a result, many inmates urinate and defecate in the sleeping/living area of the Bubble. During his incarceration in the Bubble, it was cleaned only twice per week. The inmates housed in the Bubble are also denied soap and eating utensils, therefore, Gross was forced to eat with his unwashed hands. Gross was only permitted to shower and brush his teeth twice per week.

On June 29, 2006, Gross was given Doxepin, apparently as a substitute for one or both of his prescribed medications.[2] In his Amended Complaint, Gross alleges that Defendants denied him

---

[1]Seroquel "is used with or without other medications to treat certain mental/mood conditions (e.g., bipolar disorder, schizophrenia)" and Lexapro "is an antidepressant (selective serotonin reuptake inhibitor-SSRI) used to treat depression and anxiety." *See* http//:www.webmd.com (Search for "Seroquel" then follow "Uses"; search for "Lexapro" then follow "Uses") (Last visited Jan. 15, 2008).

[2]Doxepin "is used to treat mental/mood problems such as depression, anxiety and bipolar disorder." *See* http//:www.webmd.com (Search for "Doxepin" then follow "Doxepin Oral - Capsule" then follow "Uses") (Last visited Jan. 15, 2008).

medical care and that this denial resulted in an exacerbation of the symptoms of his bipolar disorder, including severely raised levels of mania and anxiety.

Gross further alleges that on July 31, 2006, he was assaulted by another inmate who struck him in the head 20 to 30 times, put him in a choke-hold, punched him in his right eye and threw a cup of urine in his face. This beating resulted in "enormous knots on the side of [Gross'] head", blood in his right eye, and severe vision impairment in his right for approximately 4 days. (Doc. 20 at 13). Gross was denied access to a physician after the beating and was not tested for any disease he may have contracted as a result of having urine thrown in his mouth and eyes.

## II. Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Plaintiff must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S. Ct. 1955, 1965 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the

pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### III. Legal Analysis

#### A. 42 U.S.C. § 1983: Counts I and VI

A claim for relief under 42 U.S. C. § 1983 ("§ 1983") requires that Plaintiff allege a "deprivation of an actual constitutional right." *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999). "It is well settled that the deliberate indifference to serious medical needs of prisoners" constitutes a violation of the 8th Amendment.[3] *Id.* (internal citations omitted). Therefore, to establish a claim under § 1983, a Plaintiff must allege (1) a serious medical need, (2) deliberate indifference to that need by Defendant, and (3) a causal connection between Defendant's

---

[3]Because Gross was a pretrial detainee, his rights arise under the 14th Amendment, however, "the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous." *Hatten v. Prison Health Services, Inc.,* 2006 U.S. Dist. LEXIS 65143, *11 (M.D.Fla. Sept. 13, 2006) (internal citations omitted).

deliberate indifference and Plaintiff's injuries. *See Hatten v. Prison Health Services, Inc.,* 2006 U.S. Dist. LEXIS 65143, *11 (M.D.Fla. Sept. 13, 2006).

Armor argues that, in Count I, Gross has failed to allege deliberate indifference because Plaintiff admits that he eventually received Doxepin for treatment of his bipolar disorder. Armor's argument fails, however, because this eventual provision of treatment does not negate the fact that Gross has alleged deliberate indifference by Armor between June 26th and June 29th.

With regard to Count VI Armor alleges that Gross has failed to allege a serious medical need resulting from his beating. This argument is without merit as Gross has clearly pled such a need and also alleged that this need was ignored by Armor.

Therefore, Counts I and VI will not be dismissed.

*B. Negligence: Counts II and VII*

Armor argues that Counts II and VII should be dismissed because they are claims for medical negligence and Gross has failed to comply with Florida's medical malpractice presuit requirements. *See* Fla. Stat. § 766.106(1)(a). This Court previously dismissed virtually the same counts in Gross' original complaint for this reason. (*See* this Court's Order dated January 15, 2008, Doc. 19 at 5-6). Thus, Counts II and VII will be dismissed.

*C. Count XI: Negligent Infliction of Severe Emotional Distress*

Count XI alleges, in pertinent part, the following:

145. After an opportunity for further investigation and discovery, the evidence is likely to show that both Defendants exercised control over sanitary, health, and living conditions in the Bubble.
146. At all times while Mr. Gross was in the Bubble, Defendants owed Mr. Gross a duty to provide him with sanitation, health, and other living conditions that would meet the standards of decency in a civilized society.
147. Although Defendants knew or should have known that the conditions in the

-5-

Bubble did not meet those standards for Mr. Gross and the other inmates of the Bubble,
Defendants breached their duty to provide those conditions to meet those standards in the
Bubble for Mr. Gross.

148. It was reasonably foreseeable that if Defendants breached their duty to provide the
conditions to meet those standards, Mr. Gross would be harmed.

149. Defendants' breach of that duty was the proximate cause of harm to Mr. Gross,
including the infliction of physical impact and injury, and the infliction of severe emotional
distress.

150. Because of Defendant's negligence as alleged in this Count, Mr. Gross has been
injured and has suffered damages, including physical pain and suffering, severe mental
anguish and emotional distress, loss of capacity to enjoy life, and the costs of this action.

(Doc. 20 at 21-22).

"Florida law still adheres to the minority view that physical impact is required to bring a

cause of action for negligent infliction of mental distress." *Gonzalez v. Metro. Dade County*, 651

So. 2d 673, 674 (Fla. 1995). Armor argues, *inter alia*, that Gross has failed to allege that he

suffered physical injury or impact as a result of the sanitary, health, and living conditions in the

Bubble. (Doc. 25 at 8). Under Count XI Gross does allege "physical pain and suffering" generally

however, nowhere in the Amended Complaint does Gross indicate any specific physical injury he

suffered as a result of the sanitary conditions in the Bubble. Therefore, Count XI will be dismissed.

## IV. Conclusion

For the reasons stated herein, it is

**ORDERED** that Armor's Motion to Dismiss (Doc. 25) is **GRANTED** in part and

**DENIED** in part. Counts II, VII and XI are **DISMISSED**. Plaintiff shall have leave to amend his

complaint within 10 days of this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 19, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE